STEPHENS, Judge, concurring.
I agree with the holding of the majority opinion that the mandatory language of Rule 9(j) requires the result we reach here. However, I write separately to distinguish the reasoning underlying that result from the circumstances presented in the cases cited in the majority opinion and also to draw our General Assembly's attention to the possibly unforeseen and certainly harsh consequence of the result this language in Rule 9(j) requires us to reach.
Rule 9(j) provides, inter alia:
Any complaint alleging medical malpractice by a health care provider ... shall be dismissed unless ... [t]he *246 pleading *327 specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care[.]
N.C. Gen.Stat. § 1A-1, Rule 9(j) (2013). The intent of Rule 9(j) is to prevent the filing of entirely frivolous medical malpractice claims. See 1995 N.C. Sess. Laws ch. 309 ("Act To Prevent Frivolous Medical Malpractice Actions By ... Requiring Expert Witness Review As A Condition Of Filing A Medical Malpractice Action"). This intent is plainly accomplished by the act of having a would-be plaintiff's relevant medical care and records reviewed by a medical expert prior to the filing of a medical malpractice action. The rule's further requirement that the complaint must specifically assert that this act has occurred serves to put a defendant on notice of the plaintiff's compliance therewith.
Nothing in the records on appeal in Bass and McKoy suggests that those plaintiffs actually had their medical care and records reviewed by a medical expert before they filed their medical malpractice complaints. In addition, those plaintiffs' initial complaints lacked any assertion that would have given the defendants any notice of the plaintiffs' compliance with the review required under Rule 9(j). Here, in contrast, it is undisputed that plaintiff complied with the requirement that her medical care and records be reviewed by a medical expert before her first complaint was filed and that defendants had notice of that fact. Thus, the intent of Rule 9(j), to wit, requiring expert review of medical malpractice claims to prevent frivolous lawsuits, was plainly met before plaintiff filed her first complaint. The obvious failure of plaintiff's trial counsel to word the Rule 9(j) certification of compliance as specified in the statute is a highly technical failure which here results in the dismissal of a medical malpractice case which is not frivolous for the reasons Rule 9(j) is designed to prevent. I am thus sympathetic with the position of plaintiff, who is thereby denied any opportunity to prove her claims before a finder of fact. I question whether such a harsh and pointless outcome was intended by our General Assembly in enacting Rule 9(j).
On the other hand, it is also undisputed that plaintiff's trial attorneys were alerted to the flawed wording of the purported Rule 9(j) certification in the first complaint and yet, following the voluntary dismissal without prejudice of the first complaint, included the identical flawed language in the second complaint. As noted supra, plaintiff's trial *247 counsel took the time and effort to have a medical expert review plaintiff's medical care and medical records before filing a medical malpractice action, and alleged that plaintiff's medical care had been reviewed by a medical expert, yet, inexplicably, failed to allege that "all medical records pertaining to the alleged negligence" had also been reviewed by the expert so as to make a proper Rule 9(j) certification. In light of plaintiff's trial attorneys' failure to comply with the statutory mandate for properly pleading a medical malpractice action, especially after being informed of the deficiency in the first Rule 9(j) certification, I certainly can find no abuse of discretion in the trial court's denial of plaintiff's motion to amend her second complaint.
In sum, despite the thoughtful distinctions between the facts of this case and the facts of Bass and McKoy drawn by plaintiff's appellate counsel, I am compelled to concur in the majority's affirmance of the 24 June 2014 order.